```
                 IN THE UNITED STATES DISTRICT COURT
                  FOR THE WESTERN DISTRICT OF TEXAS
                           AT SAN ANTONIO

   UNITED STATES OF AMERICA,
                             Plaintiff,
   vs.                                     No. SA:13-CR-00633-XR-2

   REBECCA ANN VALDES
   _____  Defendant.
   UNITED STATES OF AMERICA,
                             Plaintiff,
   vs.                                     No. SA:13-CR-00785-OLG-1

   RAUL GONZALEZ, JR.,
   _____  Defendant.
   UNITED STATES OF AMERICA,
                             Plaintiff,
   vs.                                     No. SA:14-CR-00563-XR-1

   HERIBERTO EDDIE FUENTES, JR.,
   _____  Defendant.
   UNITED STATES OF AMERICA,
                             Plaintiff,
   vs.                                     No. SA:14-CR-00565-DAE-1

   JACOB GARCIA,                           San Antonio, TX
                             Defendant.    October 7, 2014
```

        TRANSCRIPT OF RE-ARRAIGNMENT & PLEA HEARING PROCEEDINGS
                BEFORE THE HONORABLE PAMELA MATHY
                 UNITED STATES MAGISTRATE JUDGE
                          APPEARANCES

APPEARING FOR PLAINTIFF IN REBECCA ANN VALDES CASE:

        Mr. Sam L. Ponder
        Assistant United States Attorney
        601 N.W. Loop 410, Suite 600
        San Antonio, Texas 78216
        210-384-7022 - sam.ponder@usdoj.gov


APPEARING FOR DEFENDANT REBECCA ANN VALDES:

        Mr. George William Aristotelidis
        Law Office of Jorge G. Aristotelidis
        102 Riviera Drive
        San Antonio, Texas 78213
        210-378-6998 - jgaristo67@gmail.com

APPEARING FOR PLAINTIFF IN RAUL GONZALEZ, JR. CASE:

    Mr. Russell DeWitt Leachman
    Assistant United States Attorney
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas 78216
    210-384-7120 - russell.leachman@usdoj.gov

APPEARING FOR DEFENDANT RAUL GONZALEZ, JR.:

    Ms. Cynthia Hujar Orr
    Goldstein, Goldstein & Hilley
    310 S. St. Marys Street, 29th Floor
    San Antonio, Texas 78205
    210-226-1463 - whitecollarlaw@gmail.com

APPEARING FOR PLAINTIFF IN HERIBERTO EDDIE FUENTES, JR., CASE:

    Ms. Sarah Wannarka
    Assistant United States Attorney
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas 78216
    210-384-7192 - sarah.wannarka@usdoj.gov

APPEARING FOR DEFENDANT HERIBERTO EDDIE FUENTES, JR.:

    Mr. Kurt Gene May
    Federal Public Defender
    727 E. Cesar E. Chavez Blvd., Room B-207
    San Antonio, Texas 78206
    210-472-6700 - kurt_may@fd.org

APPEARING FOR PLAINTIFF IN JACOB GARCIA CASE:

    Ms. Sarah Wannarka
    Assistant United States Attorney
    601 N.W. Loop 410, Suite 600
    San Antonio, Texas 78216
    210-384-7192 - sarah.wannarka@usdoj.gov

APPEARING FOR THE DEFENDANT JACOB GARCIA:

    Mr. Alfredo R. Villarreal
    Federal Public Defender
    727 E. Cesar E. Chavez Blvd., Room B-207
    San Antonio, Texas 78206
    210-472-6700 - alfredo_villarreal@fd.org

ALSO PRESENT:

     Ms. Sonia Hart, Court-Appointed Interpreter, translating for Defendant Raul Gonzalez, Jr.


Proceedings recorded by FTR digital audio recording.

1          THE COURT:  Okay.  We're on the record in four cases.

2    *United States of America vs. Raul Gonzalez, Jr.*, Cause

3    No. SA:13-CR-785, Defendant 1.

4      Announcements, please.

5          MR. LEACHMAN:  Russ Leachman for the United States,

6    Your Honor.  We're ready.

7          THE COURT:  Good afternoon.

8          MS. ORR:  Cynthia Orr for Mr. Raul Gonzalez, Jr.

9    He's present in the court in custody.  We're ready to proceed.

10          THE COURT:  All right.  Good afternoon.

11          MS. ORR:  Good afternoon.

12          THE COURT:  *United States vs. Rebecca Ann Valdes.*

13    This is Cause No. SA:13-CR-633, Defendant No. 2.

14          MR. LEACHMAN:  Sam Ponder for the United States.

15    Good morning -- or good afternoon, Your Honor.

16          THE COURT:  Thank you, Mr. Ponder.

17          MS. ORR:  Good afternoon, Judge.  Jorge Aristotelidis

18    for Rebecca Valdes.  We're ready for a plea.

19          THE COURT:  All right.  Thank you, sir.  Good

20    afternoon.

21      *United States vs. Heriberto Eddie Fuentes, Jr.*,

22    SA:14-CR-563.

23          MR. LEACHMAN:  Sarah Wannarka for the United States.

24    Good afternoon.

25          THE COURT:  Good afternoon.

1        MS. ORR:  Kurt May, Your Honor, on behalf of

2   Mr. Fuentes.  He's present.  We're ready to proceed -- proceed

3   at this time.

4        THE COURT:  Thank you, sir.  Good afternoon.

5        And *United States vs. Jacob Garcia*, SA:14-CR-565.

6        MR. LEACHMAN:  Sarah Wannarka for the United States.

7        MS. ORR:  Your Honor, Alfredo Villarreal, for

8   Mr. Garcia.  Mr. Garcia is present.  We're ready to proceed

9   with a plea agreement.

10        THE COURT:  All right.  Thank you, sir.  Good

11   afternoon.

12        Then if I could ask the four of you, please, to raise your

13   right hands so you can be sworn.  Thank you very much.

14                    (Defendants sworn.)

15        THE COURT:  Yes?  Yes from everybody?  Yes from

16   everybody.  Good.  Thank you.  You can all put your hands down.

17        From time to time today, I'm going to be asking you

18   various questions.  And, when I do, I'd appreciate it if you

19   could answer by speaking.  I've learned, through the years,

20   that sometimes people are thinking of different things when

21   they nod their heads, and it's actually when I hear your voice

22   that I know that I'm on the same page with you.  It's the

23   reason why I mention it to you, why speaking is important to

24   me.  I'd appreciate it if you would talk.

25        If, at any time, I ask you something, and you don't

1    understand, or you have a question, or you just want to talk to

2    your lawyer about something that you're thinking, let me know

3    right away.  I'll either repeat something, answer your

4    question, or let you talk with your lawyer or hear what it is

5    that you have to say.  You just need to let me know right away.

6          Do all of you understand, yes or no?

7                    (Several affirmative responses.)

8          THE COURT:  Yes?  Yes?  Yes from everybody.  Good.

9          Now, you have all been brought to court here this

10   afternoon for this hearing because you're all having the same

11   type of hearing.  The four of you are having hearings that we

12   call plea hearings.  So these are hearings where it's my

13   understanding you're planning on entering a -- a plea of guilty

14   to a charge or charges that are pending against you.  That's

15   why all four of you are here, to have plea hearings.

16         Do you understand what I've said, yes or no?

17         DEFENDANT GARCIA:  Yes, Your Honor.

18         THE COURT:  Yes?  Yes from everybody.  Good.

19         Now, in each of your cases, I -- I have written plea

20   bargain agreements.  And do all four of you have copies of your

21   written agreements there with you?  Yes?

22         DEFENDANT GARCIA:  Yes.

23         THE COURT:  Yes.  Yes.  Yes from everybody.  Good.

24         Have you either read your written plea agreement, word for

25   word, or has it been read to you, word for word, before I came

1  into court for this hearing this afternoon, yes --

2            DEFENDANT GARCIA:  Yes.

3            THE COURT:  -- or no?

4      Yes.  Yes?  Yes?  Yes?  Yes from everybody.  Good.

5      Do all four of you understand everything that's in your

6  plea agreement, yes or no?

7            DEFENDANT VALDES:  Yes, Your Honor.

8            THE COURT:  Yes?

9            DEFENDANT GARCIA:  Yes.

10           THE COURT:  Yes?  Mr. Garcia?

11           DEFENDANT GARCIA:  Yes.

12           THE COURT:  Yes from everybody.  Good.

13     Does your written plea agreement correctly state your

14  agreement with the Government in your case, yes or no?

15           DEFENDANT VALDES:  Yes, Your Honor.

16           DEFENDANT GARCIA:  Yes -- yes, Your Honor.

17           THE COURT:  Yes?  Yes from everybody.  Okay.

18     Then what I know, so far, is that all four of you are

19  planning to plead guilty to offenses that are considered to be

20  felony offenses under federal law.  Any person who wants to

21  plead guilty to a felony offense has a right to have this

22  hearing before a district judge.  So I'm going to be handling

23  your hearing today for the district judge who is assigned your

24  case, but I'm going to be handling the hearing only if you

25  agree I can do so.

1    If you do agree, the district judge who is assigned to
2  your case still will make the final decision as to whether or
3  not your plea of guilty and plea agreement will be accepted,
4  and the district judge still will sentence you.  It's just
5  that, with your agreement, I'll handle this hearing.
6    Do all four of you understand what I've said, yes or no?
7         DEFENDANT GARCIA:  Yes.
8         DEFENDANT VALDES:  Yes, Your Honor.
9         THE COURT:  Yes?  Yes from everybody.  Good.
10    Do all four of you agree I can handle your plea hearing
11  today, yes or no?
12              (Several affirmative responses.)
13         THE COURT:  Yes from everybody.  Okay.
14    Then you have each been charged, as we've already
15  reviewed, with felony offenses, and you've been charged with
16  these offenses either in grand jury indictments or in a
17  charging document called an information.
18    Do the four of you understand what I've said so far?
19         DEFENDANT GARCIA:  Yes, Your Honor.
20         THE COURT:  Yes?  Yes from everybody.  Good.
21    Now, Ms. Valdes, for you, you are pleading guilty to a
22  charge in a document called a superseding information.  It
23  charges you with a felony offense.  The felony offense is
24  misprison of a felony, but that itself is a felony offense.
25  And I have your waiver of your grand jury indictment right here

1    that I'm holding up in my hands.  And so it's my understanding

2    that you're agreeing to plead guilty to this charge of

3    misprison in a charging document prepared by the

4    U.S. Attorney's Office, and you're not going to require the

5    U.S. Attorney's Office to present the evidence surrounding the

6    charge to the grand jury to see if the grand jury will indict

7    you or not, you're just going to plead to the charge.

8         Is that right?

9              DEFENDANT VALDES:  Yes, ma'am.

10             THE COURT:  Okay.  Do you understand this waiver of

11   your right to have a grand jury presentment?

12             DEFENDANT VALDES:  Yes, ma'am.

13             THE COURT:  Okay.  Any questions about the waiver

14   form?

15             DEFENDANT VALDES:  No, ma'am.

16             THE COURT:  No.  Okay.

17        Then other than Ms. Valdes, who is pleading guilty to a

18   charge in the information as I just reviewed, the others of you

19   are pleading guilty to the charge or charges in grand jury

20   indictments.  Now, to all four of you, have each of you either

21   read, word for word, or had read to you, word for word, the

22   charge or charges to which you're pleading guilty before today?

23             DEFENDANT GARCIA:  Yes, Your Honor.

24             THE COURT:  Yes.  Yes.  Yes.  Yes from everybody.

25   Okay.

1    Do you all understand what it is that you're charged with

2  in your cases, yes or no?

3              DEFENDANT GARCIA:  Yes, Your Honor.

4              DEFENDANT FUENTES:  Yes.

5              THE COURT:  Yes.  Yes from everybody.  Okay.

6    Mr. Gonzalez, starting with you, sir, your plea agreement

7  indicates that you're going to plead guilty to Count 1 of the

8  indictment, and your plea agreement describes that offense as a

9  conspiracy to possess with intent to distribute 5 kilograms, or

10 more, of cocaine.  That's what you're going to plead guilty to.

11    Do you understand what you're charged with in Count 1 of

12 the indictment?

13             DEFENDANT GONZALEZ THROUGH INTERPRETER:  Yes.

14             THE COURT:  Then, at this time, I ask you how do you

15 wish to plead to the offense charged in Count 1, guilty or not

16 guilty, sir?

17             DEFENDANT GONZALEZ THROUGH INTERPRETER:  Guilty.

18             THE COURT:  Okay.  Any questions about anything so

19 far, Mr. Gonzalez?

20             DEFENDANT GONZALEZ:  No.

21             THE COURT:  Ms. Valdes, you're charged in this

22 superseding information that we've just been reviewing with an

23 offense of misprison of an felony.  You've read it over word

24 for word?

25             DEFENDANT VALDES:  Yes, ma'am.

1          THE COURT:  And you understand what you're charged

2    with?

3          DEFENDANT VALDES:  Yes, ma'am.

4          THE COURT:  And, at this time, for the record, I ask

5    you, how do you wish to plead to Count 1 of the superseding

6    information charging you with misprison of a felony offense,

7    guilty or not guilty?

8          DEFENDANT VALDES:  Guilty.

9          THE COURT:  Any questions about anything so far?

10         DEFENDANT VALDES:  No, ma'am.

11         THE COURT:  Mr. Fuentes, your plea agreement

12   indicates you're planning to plead guilty to Count 1 of the

13   indictment which charges you with an offense of felon in

14   possession of firearms.  Do you understand?

15         DEFENDANT FUENTES:  Yes, ma'am.

16         THE COURT:  You've read over Count 1 word for word?

17         DEFENDANT FUENTES:  Yes, ma'am.

18         THE COURT:  You understand what you're charged with?

19         DEFENDANT FUENTES:  Yes, ma'am.

20         THE COURT:  And, at this time, for the record, how do

21   you wish to plead to Count 1 of the indictment, guilty or not

22   guilty?

23         DEFENDANT FUENTES:  Guilty.

24         THE COURT:  Okay.  Any questions about anything so

25   far, sir?

1           DEFENDANT FUENTES:  No, ma'am.

2           THE COURT:  All right.  Then, Mr. Garcia, I have your

3 plea agreement, and it indicates you're planning to plead

4 guilty to Count 1 and to Count 2 of the indictment.  Is -- is

5 that right, sir?

6           DEFENDANT GARCIA:  Correct.

7           THE COURT:  All right.  Count 1 charges the offense

8 of felon in possession of a firearm.  In Count 2 it charges an

9 offense of using and carrying firearms during and in relation

10 to a drug trafficking crime.

11      Do you understand what you're charged with in Counts 1 and

12 2?

13           DEFENDANT GARCIA:  Yes, Your Honor.

14           THE COURT:  You've read over Counts 1 and 2 word for

15 word, sir?

16           DEFENDANT GARCIA:  Yes, Your Honor.

17           THE COURT:  Then, at this time, for the record, how

18 do you wish to plead to the felon in possession of firearms

19 charge in Count 1, guilty or not guilty?

20           DEFENDANT GARCIA:  Guilty, Your Honor.

21           THE COURT:  And how do you wish to plead to the

22 924(c) offense, the using and carrying firearms in connection

23 with or in furtherance of a drug trafficking crime?

24           DEFENDANT GARCIA:  Guilty, Your Honor.

25           THE COURT:  All right.  Any questions about anything

```
 1  so far, sir?
 2           DEFENDANT GARCIA:  No, ma'am.
 3           THE COURT:  All right.
 4       Now, to all four of you, have each of you had enough time
 5  to talk with your case -- talk about your cases with your
 6  lawyers, yes or no?
 7           DEFENDANT GARCIA:  Yes, Your Honor.
 8           DEFENDANT VALDES:  Yes.
 9           THE COURT:  Yes from everybody.
10       Have each of you had enough time to talk with your lawyers
11  about the offense or offenses to which you are pleading guilty,
12  yes or no?
13           DEFENDANT GARCIA:  Yes, Your Honor.
14           THE COURT:  Yes?  Yes from all.
15       Now, in all of your cases, the offense, or offenses, are
16  divided up in to what the law calls essential elements, and
17  before you could be found guilty of any offense, the Government
18  is required to prove each and every one of the essential
19  elements of the offense beyond a reasonable doubt.
20       Do you understand what I've just said, yes or no?
21           DEFENDANT GARCIA:  Yes, Your Honor.
22           THE COURT:  Yes?  Yes?  Yes?  Yes from everybody.
23  Good.
24       In your case, do you understand what it is the Government
25  must prove to show that you are guilty of the offense, or
```

1  offenses, to which you're pleading guilty, yes or no?

2          DEFENDANT GARCIA:  Yes, Your Honor.

3          THE COURT:  Yes?  Yes?  Yes?  Yes from everybody.

4      Okay.  Have you had enough time to discuss that with your

5  lawyers, yes or no?

6          DEFENDANT GARCIA:  Yes, Your Honor.

7          DEFENDANT VALDES:  Yes.

8          THE COURT:  Yes from everybody.

9      Are you satisfied with your lawyer's representation of

10 you?

11         DEFENDANT GARCIA:  Yes, Your Honor.

12         THE COURT:  Yes?

13         DEFENDANT VALDES:  Yes.

14         THE COURT:  Yes?  Yes from everybody.  Good.

15     Now, you have each already told me that you have read the

16 charge, or charges, word for word before this hearing today; is

17 that correct?

18         DEFENDANT GARCIA:  Correct.

19         THE COURT:  Yes?  Yes from everybody.  Okay.

20     Then, as stated word for word in your charging document,

21 is that what you did, and is that what you're pleading guilty

22 to in the case, yes or no?

23         DEFENDANT GARCIA:  Yes, Your Honor.

24         DEFENDANT VALDES:  Yes.

25         THE COURT:  Yes?  Yes from all.  Yes from all.  Okay.

1       Now, I'm going to review some rights, and this applies to

2  all four of you the same.  You each have a right to be

3  represented by a lawyer at every stage of the proceedings in

4  your cases.  You have a right to a jury trial on the charges.

5  You have a right to confront and question witnesses who might

6  testify against you for the Government.  You have a right to

7  object to the Government's evidence.  You also have a right to

8  call witnesses and present evidence in your own case if you

9  decide to do that, and you have a right to remain silent.

10  Under the constitution and laws of this country, you're

11  presumed to be innocent.  The Government bears the burden of

12  proving your guilt beyond a reasonable doubt.  In other words,

13  in this country, it's not that you have to prove you're

14  innocent of a charge.  It's that the Government's required to

15  prove you're guilty of an offense by the standard we call

16  beyond a reasonable doubt.

17       Do all four of you understand everything that I've said so

18  far, yes or no?

19            DEFENDANT GARCIA:  Yes, Your Honor.

20            DEFENDANT VALDES:  Yes, Your Honor.

21            THE COURT:  Yes from everybody.

22       Now, a moment ago, I mentioned that you have a right to

23  remain silent.  In part it means that if there was going to be

24  a trial in your case, and you decided not to testify in your

25  own behalf at your own trial, under the law, that fact would

1  not be held against you.

2      Do you understand, yes or no?

3          DEFENDANT GARCIA:  Yes.

4          DEFENDANT VALDES:  Yes.

5          THE COURT:  Yes?  Yes from everybody.

6      Now, if you plead guilty, you're going to be giving up all

7  the rights I just summarized for you except your right to be

8  represented by your lawyer.  If the district judge accepts your

9  guilty plea, the district judge is going to find you guilty of

10 the offense, or offenses, to which you're pleading guilty based

11 on your own admission of guilt.  There will not be a trial in

12 any of your cases because there isn't going to be a need for a

13 trial in any of your cases.  By pleading guilty, you're saying,

14 under the law, by the facts, I am guilty of this offense or

15 these offenses.  So if the district judge accepts your guilty

16 plea, he's going to find you guilty of the offense, or

17 offenses, based on your own admission of guilt, and will

18 sentence you on that basis without a trial.

19     Do all four of you understand what I've said, yes --

20         DEFENDANT VALDES:  Yes, Your Honor.

21         THE COURT:  -- or no?

22     Yes?  Yes from everybody.  Okay.

23     Now, having just explained some of your rights to you and

24 the affect your proposed plea of guilty will have on those

25 rights, do you still want to plead guilty?

1           DEFENDANT GARCIA:  Yes, Your Honor.

2           DEFENDANT VALDES:  Yes, Your Honor.

3           THE COURT:  Yes?  Yes from everybody.

4       Are you pleading guilty in your cases because you are

5   guilty and for no other reason, yes or no?

6           DEFENDANT GARCIA:  Yes, Your Honor.

7           DEFENDANT VALDES:  Yes, Your Honor.

8           THE COURT:  Yes from everybody.  Okay.

9       Now, if you are called upon by the Court to answer

10  questions about the offense, or offenses, and you answer those

11  questions on the record, under oath, and in the presence of

12  your lawyers, your answers may later be used against you in a

13  prosecution for perjury or for making a false statement if your

14  answers are untrue.

15      Do you understand what I have said?

16          DEFENDANT GARCIA:  Yes, Your Honor.

17          THE COURT:  Yes?  Yes?  Yes from everybody.  Okay.

18      Now, at this time, we'll review the maximum possible

19  punishment that you face on your guilty pleas.  And all four of

20  you have written plea agreements, and so all four of your

21  written plea agreements are going to set out this maximum

22  possible punishment information.  So that's what we're going to

23  be reviewing right now, the parts of your written agreement

24  that set out your maximum possible punishment.

25      Now, Mr. Gonzalez, I know that your plea agreement is what

1    we call an 11(c)1(C), what we lawyers will call that.  In other

2    words, it includes a sentencing agreement.  I'm going to

3    discuss the sentencing agreement with you later.  Right now,

4    I'm talking with you about the maximum possible punishment you

5    face under the statute, sir.

6         Do you understand what I'm telling you?

7              DEFENDANT GONZALEZ THROUGH INTERPRETER:  Yes.

8              THE COURT:  Good.  Then on Count 1 of the indictment

9    your maximum possible punishment is not less than ten years

10   imprisonment up to life imprisonment followed by a mandatory

11   minimum ten-year term of supervised release.

12        Is that a mandatory minimum ten-year term of supervised

13   release?

14             MR. LEACHMAN:  It's a five-year term of supervised

15   release.

16             THE COURT:  It's a mandatory minimum five-year term

17   of supervised release.  And then there's a fine up to

18   $10 million, and there is a $100 mandatory special assessment.

19        Do you understand what I've said so far, sir?

20             DEFENDANT GONZALEZ THROUGH INTERPRETER:  Yes.

21             THE COURT:  Then, starting on Page 8, at the very

22   bottom of Page 8, there's what -- a forfeiture agreement in

23   your plea agreement where you're agreeing to give up your

24   property rights, your -- any property interests that you might

25   have in certain identified items.  For purposes of today, I

1   would want you to consider that as part of your maximum

2   possible punishment, sir.

3       Do you understand?

4           DEFENDANT GARCIA:  (No audible response.)

5           THE COURT:  Yes?  Good.

6       Any questions about the maximum possible punishment that

7   you face under the statute, sir?

8           DEFENDANT GARCIA:  (No audible response.)

9           THE COURT:  No?  Okay.

10      Then, Ms. Valdes, on your misprison of a felony offense,

11  you face a term of imprisonment up to three years followed by a

12  supervised release term of up to one year.  You could be fined

13  up to $250,000, and you will be required to pay a $100

14  mandatory special assessment.  Do you understand?

15          DEFENDANT VALDES:  Yes, ma'am.

16          THE COURT:  Any questions?

17          DEFENDANT VALDES:  No, ma'am.

18          THE COURT:  All right.

19      Then, Mr. Fuentes, and, Mr. Garcia, you have both pleaded

20  guilty to a felon in possession of a firearm charge.

21      Now, in your particular case, Mr. Garcia, you've also

22  pleaded guilty to another charge.  I'll get to that in a

23  minute.

24      But for you, Mr. Garcia, and you, Mr. Fuentes, on that

25  felon in possession of a firearm charge, it's the same maximum

1   possible punishment for the two of you.  It's a term of

2   imprisonment up to ten years followed by a supervised release

3   term up to three years.  You could be fined up to $250,000, and

4   you will be required to pay a $100 mandatory special

5   assessment.

6           Do you understand?

7               DEFENDANT GARCIA:  Yes, Your Honor.

8               DEFENDANT FUENTES:  Yes, Your Honor.

9               THE COURT:  Yes from both.  Good.

10          Now, in both of your cases, your written plea agreements

11   on Page 6, as it happens in both of your cases, there's a

12   forfeiture agreement, and you each are agreeing to give up any

13   property right that you might have in firearms and ammunition

14   and other items that might be listed in your plea agreement.  I

15   would want you to consider that as part of your maximum

16   possible punishment.

17          Do you understand?

18              DEFENDANT GARCIA:  Yes, Your Honor.

19              DEFENDANT FUENTES:  Yes.

20              THE COURT:  Yes.  Yes from both.  Good.

21          Then, Mr. Fuentes, any questions about your maximum

22   possible punishment under the statute?

23              DEFENDANT FUENTES:  No, Your Honor.

24              THE COURT:  Okay.

25          Then for you, Mr. Garcia, with respect to that 924(c)

1  charge in Count 2, you face an additional punishment of not

2  less than five years imprisonment up to life, and that term of

3  imprisonment must run consecutively to any other term of

4  imprisonment you receive, including the one on Count 1.

5       You understand, sir?

6            DEFENDANT GARCIA:  Yes, Your Honor.

7            THE COURT:  Okay.  It would be followed by a term of

8  supervised release of up to three years, a fine -- a second

9  fine up to $250,000, and a second $100 mandatory special

10 assessment.

11      Do you understand?

12           DEFENDANT GARCIA:  Yes, Your Honor.

13           THE COURT:  Now, we've already talked about the fact

14 that your term of imprisonment has to run consecutively to the

15 term of imprisonment on Count 1.  So you face up to ten years

16 on Count 1, followed by at least five years up to life on

17 Count 2.  So you're looking at, potentially, 15 years to life.

18      Do you understand how we're adding those things together?

19 This is for -- just for purposes of your maximum possible

20 punishment.  Do you understand, sir?

21           DEFENDANT GARCIA:  Yes, Your Honor.

22           THE COURT:  So you'd also apply that same principle

23 to the other segments to your punishment, fine up to $250,000

24 on Count 1, fine up to $250,000 on Count 2, total fine exposure

25 half a million dollars, sir.

1          Do you understand?

2               DEFENDANT GARCIA:  Yes, Your Honor.

3               THE COURT:  $200 total in two mandatory special

4    assessments.  And then, under the statute, two supervised

5    release terms, up to three years on both counts, so it could be

6    up to six years under the statute if they were imposed

7    consecutively.

8          Do you understand?

9               DEFENDANT GARCIA:  Yes, Your Honor.

10              THE COURT:  Any questions about any of that, sir?

11              DEFENDANT GARCIA:  No, Your Honor.

12              THE COURT:  Now, to all four of you, when you're

13   sentenced by the district judge, the district judge is going to

14   sentence you referring to the Sentencing Guidelines.  Under the

15   guidelines, ranges of punishment will be computed considering

16   such things as your prior criminal history, the facts and

17   circumstances of your cases, and other factors that are set out

18   in the guidelines as being factors the court should consider in

19   computing a guideline range.

20         If the judge applies the guidelines, and he doesn't have

21   to, he would sentence you within this range that's computed

22   when the guidelines are applied to your cases unless

23   circumstances exist which justify a sentence above or below

24   that range.  Sometimes that's called making a departure above

25   the range or below the range.

1    Do you all understand what I've said so far?

2          DEFENDANT VALDES:  Yes, ma'am.

3          DEFENDANT FUENTES:  Yes, ma'am.

4          THE COURT:  Yes?  Yes from everybody.  Okay.

5    For the -- for today, the most important point about the

6  guidelines is this, I can tell you that the judge will refer to

7  the Sentencing Guidelines when you are sentenced, but I have

8  not told you he will follow them.  I do not know.  Under the

9  law, the judge does not have to follow the guidelines.  So you

10 may have received some estimates from your lawyers about how

11 the guidelines might be applied to your cases.

12    Even you, Mr. Gonzalez, because that's important

13 information, but I wouldn't want you to rely on estimates about

14 how the guidelines might or could be applied to your cases when

15 you plead guilty because nobody even knows if the judge will

16 follow the guidelines or not.  Instead, when you plead guilty,

17 it's much wiser to look at the maximum possible punishment that

18 you face under the statute, that information I've just been

19 reviewing with you these last few minutes, because that is your

20 worst case scenario on your guilty plea.

21    Do all four of you understand what I'm saying?

22          DEFENDANT VALDES:  Yes, Your Honor.

23          UNIDENTIFIED MALE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Yes?  Yes from everybody.  Okay.

25    Now, the information that I have available to me indicates

1 that all four of you are United States Citizens.  Is that

2 correct, are you all citizens of this country?

3                DEFENDANT GARCIA:  Correct.

4                THE COURT:  Yes?  Yes?  Yes from everybody.  Good.

5     I want you to know the only reason I ask is that, if you

6 were not a United States Citizen, the law requires me to review

7 certain things with you right now.  So the clearest way for

8 this record to show why I'm not covering the things is because

9 you've all told me you're United States Citizens.

10     Do you understand what I've said?

11                DEFENDANT GARCIA:  Yes, Your Honor.

12                DEFENDANT VALDES:  Yes, Your Honor.

13                THE COURT:  Yes?  Yes from everybody.  Good.

14     Then, Mr. Gonzalez, for you, under the statute, and

15 Mr. Garcia, for you, under the statute, with respect to

16 Count 2, there are mandatory minimum terms of imprisonment that

17 apply under the statute, but other additional or greater

18 mandatory minimum punishments can come into existence under the

19 Sentencing Guidelines.  Now, we still don't know if the judge

20 will follow the guidelines or not, but you would want to be

21 aware of this fact at this time.

22     Do the two of you understand?

23                DEFENDANT GARCIA:  Yes, Your Honor.

24                THE COURT:  Yes?  Yes from both.  Good.

25     Then, Ms. Valdes, Ms. Fuentes -- Mr. Fuentes, and,

1   Mr. Garcia, for you on Count 1, for the three of you, there are

2   no mandatory minimum terms of imprisonment that apply to you

3   under the statute, but mandatory minimum punishments can

4   actually come into existence under the guidelines.  Again, we

5   still don't know if the judge will follow the guidelines or not

6   when you are sentenced.  You just would want to be aware of

7   this fact at this time.

8        Do the three of you understand, yes or no?

9             DEFENDANT GARCIA:  Yes, Your Honor.

10            DEFENDANT VALDES:  Yes, Your Honor.

11            DEFENDANT FUENTES:  Yes.

12            THE COURT:  Yes?  Yes from those three.  Good.

13       To all of you, I would say there is no longer the

14  possibility of parole in federal court.  If you are sentenced

15  to serve a term of imprisonment, the term of imprisonment you

16  receive is the time you will serve less credit for good time.

17       Do you understand, yes or no?

18            DEFENDANT GARCIA:  Yes, Your Honor.

19            DEFENDANT VALDES:  Yes, Your Honor?

20            THE COURT:  Yes?  Yes from everybody.  Good.

21       Now, each of you face possible supervised release terms in

22  connection with your guilty pleas.  Supervised release is

23  something that follows an initial term of imprisonment.  So, if

24  you are required to serve a supervised release term by the

25  district judge when you're sentenced, you will be required to

1    follow various conditions.  If you do not follow those

2    conditions, your supervised release can be revoked, and you can

3    be ordered to serve an additional term in prison without credit

4    for time you -- you spent in prison serving that initial term

5    of imprisonment and without credit for time you served on

6    supervised release.

7         Do the four of you understand, yes or no?

8              DEFENDANT GARCIA:  Yes, Your Honor.

9              DEFENDANT FUENTES:  Yes, Your Honor.

10             THE COURT:  Yes?  Yes from everybody.  Okay.

11        Does anybody have any questions about anything so far?

12             DEFENDANT GARCIA:  No, Your Honor.

13             THE COURT:  No.  No from all.  Okay.  Just a few more

14   questions then.

15        Are you pleading guilty freely and voluntarily and with

16   full knowledge of the consequences?

17             DEFENDANT GARCIA:  Yes, Your Honor.

18             DEFENDANT VALDES:  Yes, Your Honor.

19             THE COURT:  Yes from all.

20        Has anyone threatened you, coerced you, or forced you in

21   any way to plead guilty?

22             DEFENDANT GARCIA:  No, Your Honor.

23             DEFENDANT VALDES:  No.

24             THE COURT:  No from all.

25        Has anyone made any promise to you that you are relying on

1   in pleading guilty --

2        And I'm going to exclude you, Mr. Gonzalez, from this

3   question.

4        So, Ms. Valdes, Mr. Fuentes, Mr. Garcia, has anyone made

5   any promise to you that you're relying on that has caused you

6   to plead guilty?

7             DEFENDANT GARCIA:  No, Your Honor.

8             DEFENDANT VALDES:  No.

9             THE COURT:  No from those three.

10       Again, just to those three, has anyone promised you what

11  your sentence will be?

12            DEFENDANT GARCIA:  No, Your Honor.

13            DEFENDANT VALDES:  No.

14            THE COURT:  No for those three.  Okay.

15       Now, Mr. Gonzalez, this is where we're going to take up

16  your sentencing agreement, sir.  Now, I'm aware of your written

17  plea agreement.  I've looked at it.  And, in your written plea

18  agreement, there is a -- a sentencing agreement that's included

19  in it.  And it says that the parties agree that the appropriate

20  disposition of your case would include a sentence to a term of

21  imprisonment of 54 months to be followed by five years on

22  supervised release, you agree to pay the $100 special

23  assessment, and you agree to pay the fine in whatever amount

24  the district judge might require you to pay.  And you

25  understand that your maximum possible fine is $10 million, and

1    you're going to let the judge decide what the appropriate fine

2    is.  And then you're also agreeing to forfeit certain rights --

3    or, you know, property rights that you have, interests in items

4    that you have covered by the forfeiture agreement.

5         And so the parties are in agreement that that's an

6    appropriate sentence.  Do you understand that, sir?

7              DEFENDANT GONZALEZ:  (No audible response.)

8              THE COURT:  Yes?  Okay.

9         Now, your plea agreement has been written in a way that

10   this agreement, the parties' agreement as to the appropriate

11   sentence, will be presented to the district judge.  And the

12   district judge then will decide whether or not the district

13   judge agrees that that's an appropriate sentence or not.  If

14   for some reason the district judge cannot accept that agreement

15   as an appropriate disposition of your case, then what will

16   happen, under the typical procedures, is that the district

17   judge will notify you, through your lawyer, and will notify the

18   Government, through the Government's lawyer, and you then would

19   be given the opportunity to withdraw from this plea agreement

20   and guilty plea.

21        Do you understand that?

22             DEFENDANT GONZALEZ THROUGH INTERPRETER:  Yes.

23             THE COURT:  Okay.  Other than this sentencing

24   agreement that I've been reviewing with you, has anyone

25   promised you anything else to get you to plead guilty?

```
1          DEFENDANT GONZALEZ:  (No audible response.)
2          THE COURT:  No.
3      Other than the sentencing agreement that I've reviewed
4  with you, have there been any other promises that have been
5  made to you about this type of sentence or any feature of the
6  sentence that you will receive?
7          DEFENDANT GONZALEZ:  (No audibile response.)
8          THE COURT:  No.
9      Do you have any questions about anything, sir?
10          DEFENDANT GONZALEZ:  (No audibile response.)
11          THE COURT:  No.  Okay.
12      Then all four of you have sections in your plea agreements
13  which address your waiver of appellate rights.  Do each -- and
14  you have --
15              (Coughing into microphone.)
16          THE COURT:  -- (*unintelligible*) of your written plea
17  agreements in which you are waiving, or giving up, your right
18  to appeal your conviction and sentence in this case or to
19  challenge it in a post-conviction proceeding unless you've kept
20  those rights in certain limited circumstances set out in your
21  written plea agreement.
22      Do all four of you understand these portions of your
23  written plea agreements?
24          DEFENDANT VALDES:  Yes, Your Honor.
25          DEFENDANT GARCIA:  Yes, Your Honor.
```

1          THE COURT:  Yes?  Yes from all four.  Good.

2      Then I'll just ask you, simply this, do you agree to give

3  up your rights to appeal and to file post-conviction challenges

4  as provided in your written plea agreements, yes or no?

5          DEFENDANT GARCIA:  Yes, Your Honor.

6          DEFENDANT VALDES:  Yes, Your Honor.

7          THE COURT:  Yes?  Yes from all.  All right.

8      Now, also in your written plea agreement, there are

9  factual summaries that are set out in each of your written plea

10  agreements.  Namely, there are summaries of facts that the

11  Government is prepared to prove to show that you are guilty of

12  the offense or offenses to which you're pleading guilty.

13      Do you understand what I've said, yes or no?

14          DEFENDANT GARCIA:  Yes.

15          THE COURT:  Yes?  Yes?  Yes from everybody.  Good.

16      When you either read your plea agreement, or had it read

17  to you word for word, did you understand all of the facts

18  summarized in it, yes or no?

19          DEFENDANT GARCIA:  Yes, Your Honor.

20          DEFENDANT VALDES:  Yes, Your Honor.

21          THE COURT:  Yes?  Yes from everybody.  Good.

22      Do any of the four of you object to any of the those

23  facts?

24          DEFENDANT GARCIA:  No, Your Honor.

25          THE COURT:  No?  No?  No from all.  Okay.

1        Then does the factual information that is summarized in

2   your plea agreement correctly state what you did and what

3   you're pleading guilty to in your cases, yes or no?

4            DEFENDANT VALDES:  Yes, Your Honor.

5            DEFENDANT GARCIA:  Yes, Your Honor.

6            THE COURT:  Yes?  Yes?  Yes?  Yes.  Yes from

7   everybody.  Okay.

8        Then is there anything else the Government wants reviewed

9   in any of these cases?

10           MS. WANNARKA:  Not -- no, Your Honor.

11           MR. LEACHMAN:  No, Your Honor.

12           THE COURT:  No.  No.  No.  Okay.

13       I saw you conferring there.  I just wasn't sure if it

14  was -- if it was about something --

15       Is there anything else that any defense lawyer would like

16  me to cover with your specific client at this time?  Just to

17  make sure I've asked both sides.

18       Yes, sir?

19           MR. ARISTOTELIDIS:  Just in an overabundance of

20  caution, Judge, I spoke with Mr. Ponder --

21           THE COURT:  Yes.

22           MR. ARISTOTELIDIS:  -- about the plea agreement.

23  There's -- there's language that the parties agreed that my

24  client be sentenced at the bottom of the applicable guidelines.

25  This -- this is a misprison act (*unintelligible*).  The

1  guideline might well be over the maximum which is three years.

2      If (*unintelligible*) Mr. Ponder is in agreement, this is

3  not keeping me from asking for a sentence under the guidelines

4  (*unintelligible*), so I'm not bargained out of that.

5  Irrespective of the of Government's position, I still retain

6  that, Your Honor.

7          MR. PONDER:  Well, I think what he's referring to is

8  the Government's agreement to recommend a sentence at the

9  bottom of the guidelines.  It doesn't bind him in any way --

10         THE COURT:  Yes.

11         MR. PONDER:  It just binds the Government --

12         MR. ARISTOTELIDIS:  Right.

13         THE COURT:  All right.

14         MR. ARISTOTELIDIS:  Just I think my --

15         THE COURT:  You're just wanting to clear the air

16  because --

17         MR. ARISTOTELIDIS:  (*Unintelligible.*)

18         THE COURT:  -- you don't want Mr. Ponder to be

19  disappointed at your sentencing hearing --

20         MR. ARISTOTELIDIS:  Yes, Your Honor.

21         THE COURT:  -- when you argue for a lesser sentence?

22         MR. ARISTOTELIDIS:  (*Unintelligible.*)

23         THE COURT:  Okay.

24         MR. ARISTOTELIDIS:  (*Unintelligible.*)  I forget.

25         THE COURT:  Yeah, so he's forewarned --

1    MR. ARISTOTELIDIS:  (*Unintelligible.*)

2    THE COURT:  -- I guess is what it is.

3    So you understand, Ms. Valdes?

4    DEFENDANT VALDES:  Yes, ma'am.

5    THE COURT:  All right.  Any questions about this?

6    DEFENDANT VALDES:  No, ma'am.

7    THE COURT:  Okay.  Is -- Mr. Ponder is there anything

8  else you want reviewed in that regard, sir?

9    MR. PONDER:  No, Your Honor.

10    THE COURT:  Thank you, sir.

11    MR. PONDER:  Thank you.

12    THE COURT:  Okay.  Then, for all four defendants, the

13  Court finds each defendant is competent to stand trial; each

14  defendant fully understands the nature of the charge or charges

15  and the maximum possible punishment; each defendant understands

16  his or her constitutional and statutory rights and desires to

17  waive them; each defendant's plea is freely, knowingly, and

18  voluntarily made, and that there is a factual basis in support

19  of each plea.

20    So now all of these cases are going to be set for

21  sentencing before the district court, and I have some

22  sentencing dates at this time.

23    Mr. Villarreal, and, Mr. Garcia, right now you're set on

24  December 29 of this year at 9 o'clock in the morning before

25  Judge Ezra, in Judge Ezra's courtroom, on the third floor of

1   this building.

2        Mr. Fuentes, and, Ms. Valdes, right now, you are both set

3   on January 14 of -- of next year, 2015, at 1:30 in the

4   afternoon in Judge Rodriguez' courtroom on the first floor of

5   this building.

6        And, Mr. Gonzalez, for you, sir, right now you're set on

7   January 8, 2015, at 9:30 in the morning before

8   Judge Orlando Garcia on the first floor of this building.

9        Now, for all four of you between now and when you're

10  sentenced, your cases are automatically referred to the

11  probation office, and the probation office is going to prepare

12  some information.  It will be given to the district judge for

13  the district judge to use when you are sentenced.  All four of

14  you will be given an opportunity to be interviewed by a

15  probation officer before a document is prepared.  The document

16  is likely to be a document called a presentence investigation

17  report for all four of you.  It's going to include information

18  about you and your criminal history, facts and circumstances of

19  the offense, and, significantly, it will make certain

20  recommendations to the district judge about how the guidelines

21  might be applied to your cases in the event the judge were to

22  decide to follow the guidelines.

23       Each of you will be given an opportunity to be interviewed

24  before the draft report is prepared.  And then, when the draft

25  is ready, under the standard rules of the probation office,

1   automatically notifies your lawyer and the attorney for the

2   Government.  And both sides have an opportunity to object to

3   anything that's in that report before the district judge uses

4   it when you are sentenced.

5       So for you, Mr. Gonzalez, even though you have a

6   sentencing agreement, this report is going to be important for

7   you, sir, because the district judge might look at how the

8   guidelines might be applied to your case in order to decide

9   whether or not this agreement is one that he can accept.

10      Do you understand what I'm telling you?

11          DEFENDANT GONZALEZ:  (No audible response.)

12          THE COURT:  Yes.  Okay.

13      So for all four of you it's going to be an important

14  document.  Your lawyer will be able to bring it to you or

15  review it with you.  You will be able to tell your lawyer if

16  you object to anything in the document before the district

17  judge uses it when you are sentenced.

18      For the probation officer, I mentioned that I have Rule 32

19  waivers for all three of the defendants except for Mr. Garcia.

20  Yes.

21      Ms. Orr, is there anything else you would like reviewed

22  for Mr. Gonzalez?

23          MS. ORR:  Nothing further, Your Honor.

24          THE COURT:  Mr. Leachman, sir, anything else in that

25  case?

1          MR. LEACHMAN:  No, Your Honor.

2          THE COURT:  Okay.  Counsel, anything further for

3    Ms. Valdes?

4          MR. ARISTOTELIDIS:  Nothing, Your Honor.

5          THE COURT:  Mr. Ponder?

6          MR. PONDER:  No, Your Honor.

7          THE COURT:  Okay.  Anything further for Mr. Fuentes,

8    Counsel?

9          MR. MAY:  No, Your Honor.

10         THE COURT:  Anything further for Mr. Garcia, Counsel?

11         MR. VILLARREAL:  No, Your Honor.  Thank you.

12         THE COURT:  No.

13      Then, Mr. Leachman, anything further for the Government?

14         MR. LEACHMAN:  I am -- Your Honor, and Ms. Wannarka

15   had a question from a jury that's out, and that's why she

16   stepped out real quick.  But no further --

17         THE COURT:  Nothing further for the Government?

18         MR. LEACHMAN:  No.

19         THE COURT:  Okay.  Well, that's interesting to know

20   why she was summoned away.  We understand that.  We have all --

21   we have all gotten hives now just knowing why she was called

22   away.  So okay.  Nothing -- being nothing further, we're in

23   recess.  Thank you.

24              (Whereupon said re-arraignment & plea hearing

25   proceedings concluded.)

# C E R T I F I C A T E

I, Kristin M. Anderson, a Registered Professional Reporter, and Official Court Reporter for the U.S. District Court, Western District of Texas do hereby certify:

That I, as a court-approved transcriber, certify that the foregoing is a correct transcription of the audio recording to the best of my ability from the official digital audio recording of the proceedings in the above-entitled matter;

That I am not a relative or employee or attorney or counsel of any of the parties, or a relative or employee of such attorney or counsel, or financially interested in the action.

WITNESS my hand on this 20th of August, 2015.


_/s/ Kristin M Anderson_
Kristin M. Anderson, RPR
Federal Official Court Reporter