**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | § | |
| **Plaintiff** | § | |
| | § | |
| **VS.** | § | **CAUSE NO. 5:13-CR-00785-3-OLG** |
| | § | |
| **RAUL GONZALEZ, JR.** | § | |
| **Defendant** | § | |

**RULE 60(b) MOTION FOR RELIEF FROM JUDGMENT OR ORDER ON PETITION**
**FOR HEARING TO ADJUDICATE VALIDITY OF**
**THIRD PARTY INTEREST IN PROPERTY AND CLAIM FOR PROPERTY**
**(21 U.S.C. §853(n))**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Now Comes Raul Gonzalez Trevino, Individually and as Trustee of the Raul Gonzalez Trevino Living Trust, Petitioner, and files this Rule 60(b) Motion for Relief from Judgment or Order on his Petition for a Hearing to Adjudicate the Validity of Third Party Interest in Property and Claim for Property pursuant to the provisions of 21 U.S.C. § 853(n) and Rule 32.2(c), Federal Rules of Criminal Procedure, and in support thereof would show the Court as follows:

*a.      Chronology*

1.      The following chronology of events/filings in this case is pertinent to the issue of the forfeiture of Petitioner's interest in real property:

| Date Filed | Docket No. (if applicable) | Event |
|---|---|---|
| 9/18/2013 | 5 | Sealed indictment, with Notice of Forfeiture, returned against Raul Gonzalez, Jr. |
| 10/7/2013 | | Indictment unsealed |

| 12/4/2014 | 51 | United States files Motion for Preliminary Order of Forfeiture |
|---|---|---|
| 12/5/2014 | 52 | Court enters Preliminary Order of Forfeiture |
| 12/7/2014 | 53 | Defendant Raul Gonzalez, Jr. timely files Response to Government's Motion for Preliminary Order of Forfeiture stating that he "has no current interest whatsoever in the listed real property and is unaware whether he has any future interest". |
| 12/15/2014 | 55 | Government files a Reply to Defendant Raul Gonzalez, Jr's Response to Government's Motion for Preliminary Order of Forfeiture |
| 2/6/2015 | 65 | Judgment and Commitment as to Raul Gonzalez, Jr., Defendant, signed. |
| 12/23/2015 | 93 | Motion for Hearing filed by Raul Gonzalez Trevino |
| 12/23/2015 | 94 | Motion for Hearing filed by Alejandra Paola Ibarra Vazquez |
| 5/9/2018 | 107 | *Sua Sponte* Order dismissing Motions for Hearing filed by Raul Gonzalez Trevino and Alejandra Paola Ibarra Vazquez entered |
| 9/21/2018 | 111 | Government's Motion for Final Judgment of Forfeiture filed |
| 9/25/2018 | 112 | Judgment of Forfeiture entered |

b.     *The Property*

2.     The property in issue which was subject to the Final Order of Forfeiture entered on September 25, 2018 is described as follows:

> Real property located at 5 Bowood Court, San Antonio, Bexar County, Texas 78218, more particularly described as Lot 5, Block 10, New City Block 17500, Oakwell Farms Unit 9-A, In the City of San Antonio, Bexar County, Texas, According to the Plat Thereof Recorded in Volume 9514, Page 192-194, Deed and Plat Records of Bexar County, Texas ("5 Bowood Court").

c.     *Nature of Petitioner's Right, Title and Interest in the Property and Time and Circumstances of Acquisition of Interest: 5 Bowood Court*

3.     Petitioner owns a fee simple title interest in 5 Bowood Court as shown by the public record. The chain of title leading to Petitioner's interest is described as follows:

A.      Property conveyed by Rizwin G. Madlani to Petitioner, Raul Gonzalez, by Warranty Deed with Vendor's Lien dated August 17, 1993 and recorded in Volume 5765, Page 1778 of the Real Property Records of Bexar County, Texas. In connection with that transaction, Petitioner, Individually, executed a Deed of Trust, Assignment of Rents, Security Agreement and Financing Statement in favor of International Bank of Commerce to secure payment of a promissory note dated August 16, 1993 in the amount of $227,500.00. The Deed of Trust is recorded at Volume 5765, Page 1781 of the Real Property records of Bexar County, Texas.

B.      Property conveyed by Petitioner Raul Gonzalez Trevino, Individually, to Petitioner, Raul Gonzalez Trevino, Trustee of the Raul Gonzalez Trevino Living Trust by Special Warranty Deed dated November 28, 2012 and recorded in Book 15853, Page 413 of the Real Property Records of Bexar County, Texas.

4.      By virtue of the above referenced chain of title, Petitioner is currently the fee simple owner of 5 Bowood Court. He owns 5 Bowood Court in his capacity as Trustee of the Raul Gonzalez Trevino Living Trust. He alleged and made, by filing his sworn Petition, a prima facie case establishing his title to the Property. As shown above, his sworn Petition was filed on December 23, 2015. The Government did not object to or file a written opposition to his Petition. In addition, the Government did not file a motion to dismiss the Petition alleging lack of standing, failure to state a claim or any other lawful reason (such as that the Petition was untimely). Fed. R. Civ. P. 32.2(c)(1)(A).

d.      *Standard for Motion filed under Rule 60(b)*

5.      Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; [or] . . . (6) any other reason

that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Rule 60(b)(1) provides relief for a party that

has failed to "timely answer or otherwise defend" if the party demonstrates that its failure (1)

"resulted from justifiable neglect" and (2) "that a fair probability of success on the merits existed

if the judgment were to be set aside." *Fed. Sav. & Loan Ins. Corp. v. Kroenke*, 858 F.2d 1067,

1069 (5th Cir. 1988). Rule 60(b)(6) is a catch-all provision that provides relief for "any other

reason" but is only granted "if extraordinary circumstances are present." *Hess v. Cockrell*, 281

F.3d 212, 215–16 (5th Cir. 2002) (*quoting Batts v. Tow-Motor Forklift Co.*, 66 F.3d 743, 747

(5th Cir. 1995)).

      6.    Criminal forfeiture proceedings are governed by Rule 32.2 of the Federal Rules of

Civil Procedure. Ancillary proceedings, involving the property rights of third parties, are

addressed in subsection (c) of the Rule, which provides as follows:

(c) ANCILLARY PROCEEDING; ENTERING A FINAL ORDER OF FORFEITURE.

    (1) *In General.* If, as prescribed by statute, a third party files a petition asserting an interest
in the property to be forfeited, the court must conduct an ancillary proceeding, but no ancillary
proceeding is required to the extent that the forfeiture consists of a money judgment.

        (A) In the ancillary proceeding, the court may, on motion, dismiss the petition for lack of
standing, for failure to state a claim, or for any other lawful reason. For purposes of the
motion, the facts set forth in the petition are assumed to be true.

        (B) After disposing of any motion filed under Rule 32.2(c)(1)(A) and before conducting a
hearing on the petition, the court may permit the parties to conduct discovery in accordance
with the Federal Rules of Civil Procedure if the court determines that discovery is necessary
or desirable to resolve factual issues. When discovery ends, a party may move for summary
judgment under Federal Rule of Civil Procedure 56.

    (2) *Entering a Final Order.* When the ancillary proceeding ends, the court must enter a final
order of forfeiture by amending the preliminary order as necessary to account for any third-
party rights. If no third party files a timely petition, the preliminary order becomes the final
order of forfeiture if the court finds that the defendant (or any combination of defendants
convicted in the case) had an interest in the property that is forfeitable under the applicable
statute. The defendant may not object to the entry of the final order on the ground that the
property belongs, in whole or in part, to a codefendant or third party; nor may a third party
object to the final order on the ground that the third party had an interest in the property.

(3) *Multiple Petitions.* If multiple third-party petitions are filed in the same case, an order dismissing or granting one petition is not appealable until rulings are made on all the petitions, unless the court determines that there is no just reason for delay. (emphasis added)

(4) *Ancillary Proceeding Not Part of Sentencing.* An ancillary proceeding is not part of sentencing.

7.    Rule 32.2 provides that the Court may dismiss a petition "on motion". Fed. R. Crim. P. 32.2(c)(1)(A). No Motion to Dismiss or other objection to the form or timeliness of the Petitions filed by interested third parties was filed or asserted by the Government. The sua sponte action of the Court was not authorized by Rule 32.2.  The cases cited by the Court in its Order dealt with the granting of motions to dismiss filed by the Government (or, in one case, denying a Motion to Amend a Petition). *See United States v. Alvarez*, 710 F. 3d 565, 566(5th Cir. 2013)(petition dismissed on Government motion to dismiss amended to add complaint that petition was untimely); *United States v. Lamid*, 863 Fed. Appx. 319, 325 (5th Cir.2016)(court denied a request for leave to amend a petition by adding the correct petitioner. Government apparently opposed the request: "[i]n agreeing with the government that allowing Rudy to file a new claim would violate the 30 day time period…"); *United States v. Sharma*, 509 Fed. Appx. 381, 382-383 (5th Cir. 2013)(government opposed the petition arguing, in part, that it was untimely; court also relied on petitioner's lack of standing). The District Court also relied upon an 11th Circuit Case, *United States v. Marion*, 562 F. 3d 1330 (11th Cir. 2009). That case also involved a ruling by the district court on a government motion to dismiss raising the untimeliness of the petitioner's filing.

8.    In this case the Government did not move to dismiss the Petitions nor did the Government file a written opposition to the Petitions pointing out any defects in their filing. At the time of their filing, the Court had not yet entered a final judgment of forfeiture.

9.     While the underlying criminal case was pending against Petitioner's son Raul Gonzalez, Jr., the Government was put on written notice of father Raul Gonzalez, Sr.'s ownership of 5 Bowood Court, and his desire to contest the forfeiture of his property.  During the criminal proceedings against Raul Gonzalez, Jr. , both he and his counsel informed the Government that he had no ownership interest in his father's property at 5 Bowood Court.  In the Government's Reply to the Raul Garza Jr. Response to the Preliminary Order of Forfeiture (Doc.55 12/15/14), the Government represented as follows:

> "Furthermore, the motion before the Court is a "Preliminary" Order of forfeiture.  By entering this Order the Court orders the United States to send direct notice of the forfeiture to all known interested third parties, to publish notice of the forfeiture for all other potential claimants, and generally, to finalize all ownership interests in the property in anticipation of forfeiting the property to the United States  At this time, if the United States makes a determination that the Defendant has no ownership interest in the real property sought for forfeiture, such real property will not be included in the United States' Motion for Final Order of Forfeiture."

Throughout the criminal proceedings, from start to finish, the Government was provided with information and notice that he has no ownership interest in the property at 5 Bowood Court, and that the property is owned by his father, Raul Gonzalez, Sr.

10.   While the underlying criminal case was pending against Raul Gonzalez. Jr. a meeting was held at the U.S. Attorney's Office Forfeiture Section, to assert and discuss the 3d party interest of Raul Gonzalez, Sr. in 5 Bowood Court,  and other family members in other properties then listed in the indictment.  It appears that the Court's reliance on the law enforcement notice published in www.forfeiture.com is misplaced in this case, where the Government had actual notice of the ownership interest claimed by Raul Gonzalez. Sr. in the 5 Bowood Court property, and his desire to contest any forfeiture of the property.  Additional facts important to the timeline of the criminal case and this criminal forfeiture proceeding are relevant to this motion, but due to

the nature of case should be addressed by the parties in a hearing with the Court in Chambers. With respect to 5 Bowood Court Petitioner has a legal right, title, and interest in the property as described above. Such right, title and interest renders the order of forfeiture invalid in whole or in part because the right, title, or interest was vested in the Petitioner rather than the Defendant and was superior to any right, title, or interest of the Defendant at the time of the commission of the acts which gave rise to the forfeiture of the property under 21 U.S.C. §853; and Petitioner is a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture under 21 U.S.C. §853.

11.     Petitioner has shown that his failure to file his Petition within thirty (30) days of the notices following entry of the preliminary order of forfeiture was the result of mistake, inadvertence, surprise or excusable neglect and that there exist other reasons the justify relief to allow Petitioner to present evidence of his ownership in the 5 Bowood Court property.

WHEREFORE, Petitioner requests that the Court hold a hearing on this Motion, partially in chambers as requested herein, and grant this Motion and enter an order under Rule 60(b) of the Federal Rules of Civil Procedure granting to Petitioner relief from the final judgment of forfeiture and the order striking his Petition and granting Petitioner such hearings as are requested herein and an opportunity to present evidence in support of his claim to ownership of the real property in issue herein. pursuant to the provisions of 21 U.S.C. § 853(n) and Rule 32.2(c), Federal Rules of Criminal Procedure.

Respectfully submitted,

/s/ John A. Convery
John A. Convery
HASDORFF & CONVERY
1005 S. Alamo St.

San Antonio, Texas 78210
(210) 738-9060-Phone
(210) 7389-94264-Fax
hasconpc@aol.com
State Bar No. 04715100

**ATTORNEY FOR PETITIONER**
**RAUL GONZALEZ TREVINO**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Document was ELECTRONICALLY FILED with the Clerk of the Court using the CM/ECF system which will send notification to the following:

Ms. Marynelda Valadez
United States Attorney's Office
Western District of Texas
601N.W. Loop 410, Suite 600
San Antonio, Texas 78216

On this the 24th day of October, 2018.

/s/ John A. Convery